IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOME SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, LLC,<br><br>Defendants. | Civil Action No. 13-2033-RGA |

## MEMORANDUM OPINION

### I. INTRODUCTION

Presently before the court in this patent infringement action is a motion for leave to amend the complaint pursuant to Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4) filed by plaintiff Home Semiconductor Corporation ("HSC"). (D.I. 108) For the reasons that follow, HSC's motion to amend is GRANTED.[1]

### II. BACKGROUND

On December 16, 2013, plaintiff HSC originally filed this patent infringement action against defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), Samsung Telecommunications America, LLC ("STA"), and Samsung Semiconductor, Inc. ("SSI") (collectively "Samsung"), alleging infringement of United States Patent Numbers 5,452,261 ("the '261 patent"), 6,030,893 ("the '893 patent"), 6,146,997 ("the '997 patent"), and

---

[1] The briefing for the present motion is as follows: plaintiff's opening brief (D.I. 109), defendants' answering brief (D.I. 118), and plaintiff's reply brief (D.I. 126).

6,150,244 ("the '244 patent") (collectively, the "patents-in-suit"). (D.I. 1 at ¶¶ 2-5, 17-21) The '997 patent relates to methods of manufacturing semiconductor devices. (D.I. 1, Ex. C; D.I. 126 at 8) HSC is the owner by assignment of the patents-in-suit, and alleges that Samsung's dynamic random-access memories ("DRAMs"), NAND flash memories, and processors are infringing products. (D.I. 21 at ¶¶ 20-23, 29-41) Specifically, HSC alleges that eleven separate categories of semiconductors were made using methods that allegedly infringe the '997 patent. (D.I. 110, Ex. 3 at 15-23) A scheduling order was entered on May 12, 2014, which set the deadline to amend pleadings as October 7, 2014. (D.I. 17 at 3)

On May 14, 2014, HSC filed its First Amended Complaint ("FAC"), which added Samsung Austin Semiconductor, LLC ("SAS") as a defendant. (D.I. 21) On May 23, 2014, HSC served discovery, seeking specific information, including the identification of entities which made the accused chips in the United States, the supply and distribution chain, and the total units manufactured in the United States. (D.I. 26; D.I. 110, Ex. 1) On June 25, 2014, Samsung responded to HSC's written discovery, and stated that "SAS has made and makes chipsets or semiconductor products and/or components for chipsets or semiconductor products in the United States." (D.I. 33; D.I. 110, Ex. 5 at 9)

On December 17, 2014, Samsung filed petitions for *inter partes* review ("IPR") of the '893 patent, the '997 patent, and the '244 patent before the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO"). (D.I. 55) The present case was stayed and administratively closed pending the IPRs. (*Id.*; D.I. 56) The asserted claims of the '893 patent, the asserted claims of the '244 patent, and claims 1 and 3-8 of the '997 patent were found unpatentable at the conclusion of the IPRs. (D.I. 66) The stay was lifted on November 9, 2017, and on November 28, 2017, a supplemental scheduling order was entered.

2

(D.I. 67; D.I. 70) Following the lifting of the stay, HSC requested supplementation of Samsung's document production and written discovery responses. (D.I. 87; D.I. 89; D.I. 110, Ex. 8; Ex. 9)

On June 11, 2018, HSC dismissed defendant STA, because it had merged into SEA. (D.I. 79; D.I. 80) On June 12, 2018, HSC dismissed its claims with respect to the '893 patent and the '244 patent.[2] (D.I. 81; D.I. 82) HSC and Samsung engaged in a meet and confer on October 3, 2018 regarding Samsung's objections and responses to HSC's second set of requests for production. (D.I. 119, Ex. J) On October 8, 2018, HSC sent Samsung a letter reiterating, from the meet and confer, its intention to move to amend the FAC to include allegations of direct infringement under 35 U.S.C. § 271(g). (*Id.*)

On November 1, 2018, Samsung informed HSC that in preparing a response to HSC's requests, it noted that the majority of additional documents requested pertained to products Samsung did not make in the United States. (D.I. 110, Ex. 11) On November 13, 2018, Samsung confirmed that it had not manufactured "DRAM, external flash memories, internal flash memories, solid state drives, multichip packages, mobile security chips, Smarcard IC for finance, security and ID/ePassports ("FSIDs"), Power ICs, and Near Field Communication Chips" in the United States since 2007. (*Id.*, Ex. 12) On December 28, 2018, HSC filed the present motion for leave to amend the FAC to add a claim of infringement of the '997 patent under 35 U.S.C. § 271(g).[3] (D.I. 108; D.I. 109)

---

[2] Samsung does not oppose HSC's motion for a second amendment of the complaint with respect to HSC's request to remove references to the '893 patent and '244 patent, remove references to STA, and amend some paragraphs providing background information regarding the parties. (D.I. 118 at 1)

[3] 35 U.S.C. § 271(g) provides that "[w]hoever without authority imports into the United States or offers to sell, sells, or uses within the United States a product which is made by a process

A *Markman* hearing was held on February 14, 2019,[4] and the parties have stipulated to extend the fact discovery deadline to May 31, 2019. (D.I. 105; D.I. 107; D.I. 161; D.I. 164) Trial is scheduled for March 2, 2020. (D.I. 164)

### III. LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *See Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434.

If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must apply Rule 16 of the Federal Rules of Civil Procedure. *See WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause element requires the movant to demonstrate that, despite diligence,

---

patented in the United States shall be liable as an infringer, if the importation, offer to sell, sale, or use of the product occurs during the term of such process patent." 35 U.S.C. § 271(g).
[4] The *Markman* hearing scheduled for December 5, 2018 was rescheduled for February 14, 2019 due to the unforeseen closure of the court on December 5, 2018 for the funeral of President George H.W. Bush. (D.I. 105; D.I. 118 at 1) Accordingly, the scheduling order was further amended on December 13, 2018. (D.I. 106; D.I. 107)

4

the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). The focus of the "good cause" inquiry is, therefore, on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *See Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016). Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the 15(a) standard. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). The Federal Circuit reviews the district court's ruling on a motion to amend pleadings under the law of the regional circuit. *See Aventis Pharma S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1333 (Fed. Cir. 2012).

## IV. DISCUSSION

### a. Good Cause

Samsung argues that HSC has not established good cause to amend the FAC following the expiration of the amended pleadings deadline because HSC could have discovered facts revealing Samsung's role in manufacturing accused products outside of the United States well before the deadline for amended pleadings. (D.I. 118 at 10-16) Specifically, Samsung argues that publicly available information identifies Samsung subsidiaries engaged in semiconductor manufacturing both within the United States and abroad. (*Id.* at 11-12) Samsung contends that HSC's interrogatories seeking information about Samsung's semiconductor manufacturing within the United States were not indicative of diligence. (*Id.* at 12-13) Furthermore, Samsung asserts that HSC's recent meet and confer, in addition to its counsel's involvement in similar litigation, evinces HSC's knowledge of Samsung's semiconductor manufacturing abroad. (*Id.* at 13-16) In response, HSC claims that it had no means of knowing that the accused products were

5

not manufactured in the United States absent Samsung's disclosure in November 2018. (D.I. 109 at 3, 10-12) The parties do not dispute that Samsung did not provide discovery in the instant case revealing that accused products were manufactured abroad until November 1, 2018. (*See* D.I. 118; 4/16/19 Tr.)

The court concludes that HSC has demonstrated good cause to amend the FAC in accordance with Rule 16(b)(4). Good cause exists "when the schedule cannot reasonably be met despite the diligence of the party seeking the extension." *Dickerson v. KeyPoint Gov't Sols., Inc.*, C.A. No. 16-657-RGA-MPT, 2017 WL 2457457, at *4 (D. Del. June 7, 2017). In the present case, Samsung asserts that its publicly available 2012 and 2013 annual reports illustrate that STECO, one of its South Korean subsidiaries, manufactured semiconductor components.[5] (D.I. 118 at 11-12; D.I. 119, Ex. A at 52-53; Ex. B at 46-47) HSC claims that it was not blind to the fact that Samsung is a global company, and recognizes that these annual reports reveal two Samsung entities engaged in semiconductor manufacturing: one in the United States (SAS) and one in South Korea (STECO). (D.I. 126 at 2; D.I. 119, Ex. A at 52-53; Ex. B at 46-47) HSC claims that Samsung's website circa November 2013 represented that the accused chips were made in the United States and did not provide insight as to whether STECO manufactured the accused products at issue here. (D.I. 126 at 2; 4/16/19 Tr. at 15:16-16:4) Moreover, HSC argues that an article from June 2010 describes STECO's manufacture of semiconductor packaging using tape automated bonding, which HSC claims is different from the technology the allegedly infringing products utilize. (D.I. 126 at 2; D.I. 127, Ex. 13) Although annual reports showed

---

[5] Samsung alleges that the labelling on the packaging should have alerted HSC that the products were made in Asia. (D.I. 109 at 10; D.I. 118 at 4, 11-12; Ex. C; Ex. D; Ex. E) However, as HSC asserts, one cannot assume that the external product label of a final end product is an indication of where an internal chip is manufactured and where the specific manufacturing process at issue took place. (D.I. 126 at 3, 4 n.2; 4/16/19 Tr. at 13:13-14:11)

semiconductor manufacturing in South Korea, publicly available information indicated that the accused products were only manufactured by SAS in the United States. (D.I. 127, Ex. 13; Ex. 14; Ex. 15; Ex. 16)

Samsung also argues that HSC's interrogatories could not have been reasonably understood to be directed at accused products manufactured abroad because they were only concerned with manufacturing activities in the United States. (D.I. 118 at 12-13) For example, HSC's interrogatories included in relevant part:

> **INTERROGATORY NO. 2:** Separately for each Accused Chip, identify the following on a monthly basis from December 16, 2007 to the present: (a) the total units manufactured *in the United States*; . . . (c) the total units imported into the United States; (d) the total number of Accused Chips imported into the United States in Accused Products . . . .
>
> **INTERROGATORY NO. 3:** Individually for each Accused Chip, identify the specific entity or entities that made, imported, offered for sale, and/or sold that Accused Chip *in the United States*.
>
> **INTERROGATORY NO. 4:** Individually for each Accused Product, identify the specific entity or entities that made, imported, offered for sale, and/or sold that Accused Product *in the United States*.
>
> **INTERROGATORY NO. 5:** Describe in detail the supply and distribution chain for each Accused Chip and each Accused Product.

(D.I. 110, Ex. 1 at 5) (emphasis added) Samsung responded to these interrogatories by stating that "SAS has made and makes chipsets or semiconductor products and/or components for chipsets or semiconductor products in the United States" and that Samsung would supplement its responses after the scope of accused products was determined. (D.I. 110, Ex. 5 at 9-11) At oral argument, HSC admitted that it "could have been more broad in its examination," but at the time, it wanted to confirm that the accused products were manufactured in the United States. (4/16/19 Tr. at 16:10-17:1)

7

Following Samsung's responses to written discovery, the case was stayed pending IPR proceedings on December 22, 2014 and the stay was lifted on November 9, 2017. (D.I. 54; D.I. 55; D.I. 67) Samsung contends that HSC's counsel had actual knowledge of Samsung's subsidiaries engaging in semiconductor manufacturing outside of the United States no later than November 2017 because HSC's counsel also represented ProMOS Technologies, Inc. ("ProMOS"). (D.I. 118 at 13-14) Samsung argues that during the stay, ProMOS commenced similar suits alleging infringement of method patents under section 271(g) against the same Samsung entities for manufacture of the same categories of products involved here (the "ProMOS litigation"). (*Id.*) *See also ProMOS Technologies, Inc. v. Samsung Electronics Co., Ltd. et al*, C.A. No. 15-898-RGA-SRF (D.I. 1, Oct. 8, 2015); *ProMOS Technologies, Inc. v. Samsung Electronics Co., Ltd. et al*, C.A. No. 16-335-RGA (D.I. 1, May 6, 2016). Furthermore, Samsung alleges that HSC acquired the patents asserted in this case from ProMOS. (D.I. 118 at 7; D.I. 119, Ex. H) Samsung contends that ProMOS retains a financial interest in the outcome of this case. (D.I. 118 at 11; D.I. 119, Ex. H)

Samsung cites no legal authority in its briefing to support its assertion that HSC should have known about its manufacturing outside of the United States because of HSC's and ProMOS's alleged interrelated financial interests and retention of common counsel in similar litigation. (D.I. 118 at 13-14) At oral argument, Samsung stated that *Glaxosmithkline* is instructive, but the court finds that case inapposite. (4/16/19 Tr. at 27:12-28:6) Here, the ProMOS litigation is a similar, but unrelated litigation, whereas the entities in *Glaxosmithkline* were litigating two related actions that proceeded on a consolidated pretrial schedule. *See Glaxosmithkline*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *2 & n.3.

8

Finally, Samsung argues that HSC's letter following their October 2018 meet and confer states, "as mentioned on the meet and confer, [HSC] informed Samsung that it intended to move to amend its complaint to include allegations of direct infringement under 271g [*sic*] against the Samsung Defendants." (D.I. 118 at 15-16; D.I. 119, Ex. J) Samsung responded to HSC's arguments in the meet and confer, noting that section 271(g) could not provide the basis of direct infringement required for induced infringement claims under 35 U.S.C. § 271(b) because HSC had never pleaded such a claim. (D.I. 119, Ex. J) Moreover, Samsung noted that liability for importation of accused products into the United States under 35 U.S.C. § 271(a) did not encompass claims under section 271(g). (D.I. 119, Ex. K)

At oral argument, HSC stressed that the parties discussed section 271(g) in the context of activity by third-party customers, and that it was not aware of Samsung's manufacture of accused products outside of the United States until Samsung provided its disclosure on November 1, 2018.[6] (4/16/19 Tr. at 31:19-32:20, 33:18-23)

Samsung's disclosure effectively places virtually all of the accused products outside of the scope of section 271(a) and, therefore, outside of the case unless an amendment asserting infringement under section 271(g) is allowed.

Samsung argues that HSC was not diligent because it did not file the present motion until three months after the meet and confer. (D.I. 118 at 15-16) However, other courts in the Third Circuit have found diligence when a party has sought leave to amend within three months of

---

[6] The meet and confer was directed to Samsung's objections to HSC's request for production of worldwide sales information for the accused products. HSC maintained the position that Samsung's third-party customers would be direct infringers under section 271(g) because they would sell or import products that were made by an allegedly infringing process patented in the United States. Samsung objected on the basis that neither section 271(g) nor importation of accused products by Samsung's customers had been pleaded in the FAC, and the discovery requests were limited to units manufactured in the United States.

9

learning new information, as HSC has done here. *See Logan v. Bd. of Educ. of Sch. Dist. of Pittsburgh*, 2017 WL 1001602, at *6 (W.D. Pa. Mar. 15, 2017).

Therefore, in light of HSC's discovery of information supporting their proposed amendment after the deadline to amend the pleadings despite diligence, HSC has established good cause under Rule 16(b)(4), and the court turns to consider the Rule 15(a) factors.

### b. Undue Delay and Prejudice

Prejudice to the non-moving party occurs when "allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent [a party] from bringing a timely action in another jurisdiction." *Intellectual Ventures I LLC v. Toshiba Corporation*, C.A. No. 13-453-SLR, 2016 WL 4690384, at *1 (D. Del. Sept. 7, 2016) (quoting *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)). To show undue prejudice, a defendant must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence" unless leave to amend is denied. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989). However, the law is well-established that delay alone is an insufficient reason to deny leave to amend, and must be coupled with undue prejudice to the non-moving party if the amendment is permitted. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

HSC has shown diligence, "which means its amendment has not been unduly delayed." *International Construction Products LLC v. Caterpillar Inc.*, C.A. No. 15-108-RGA, 2018 WL 4611216, at *4 (D. Del. Sept. 26, 2018). However, Samsung contends that the court should deny HSC's motion because the proposed amendment is unduly prejudicial. (D.I. 118 at 16-19) Samsung argues that HSC's proposed section 271(g) amendment "dramatically" expands the

scope of this case with limited time left in discovery. (*Id.* at 17) Specifically, Samsung argues that section 271(g) includes two additional requirements: "[a] product which is made by a patented process will, for purposes of [section 271(g)], not be considered to be so made after (1) it is materially changed by subsequent processes; or (2) it becomes a trivial and nonessential component of another product." (*Id.*) (quoting 35 U.S.C. § 271(g))

Conversely, HSC avers that adding its allegations under section 271(g) would not dramatically expand the scope of this case and would maintain the same infringement allegations that have existed since the commencement of this action. (D.I. 126 at 7-8) With respect to Samsung's suggestion that the amendment would introduce "additional requirements," HSC argues that these requirements do not apply because the manufacturing process covered by the '997 patent's claims are fundamental, unchanged structures in the final product and are not trivial or non-essential. (*Id.* at 8) HSC also notes that many technical documents have already been produced, and that HSC's requested process recipe documents in October 2018 prompted Samsung's disclosure of manufacturing activities abroad and the present dispute. (*Id.*; 4/16/19 Tr. at 35:16-36:6) HSC argues that production of these process recipe documents is limited. (4/16/19 Tr. at 36:6-12)

The substantive requirements of section 271(g) are not in issue for purposes of the pending motion. Moreover, alteration of the current scheduling order is not before the court. Samsung does not illustrate for the court in what manner the second amendment of the complaint will "dramatically" expand the case. For example, Samsung does not explain whether any additional written discovery requests, depositions, or expert discovery may be necessitated by amending the FAC, nor does it provide a time estimate for such additional discovery. Samsung

has not demonstrated undue prejudice whereby its ability to present its case would be seriously impaired if the amendment is allowed.

### c. Bad Faith

Samsung argues that HSC's representation that it only learned of the manufacture of the accused products abroad in November 2018 is inconsistent with its intentions to amend the FAC to include a claim under section 271(g) during the October 2018 meet and confer. (D.I. 118 at 8-10, 19; D.I. 119, Ex. J) Furthermore, Samsung asserts that HSC's delay in filing the present motion until December 2018 is suggestive of bad faith. (D.I. 118 at 19) HSC argues that the meet and confer discussions that Samsung references related to its induced infringement claim and the issue of where the accused products were actually manufactured was not specifically raised. (D.I. 126 at 8)

"The question of undue delay, as well as the question of bad faith, requires that we focus on the plaintiffs' motives for not amending their complaint to assert this claim earlier; the issue of prejudice requires that we focus on the effect on the defendants." *See Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). Samsung asserts that HSC's delay in moving to amend the FAC is indicative of bad faith, but offers no facts to support this assertion other than the delay and HSC's intentions to amend in October 2018. Although HSC voiced its intentions to amend the FAC in October 2018, it was not until Samsung responded to supplemental discovery in November, 2018, that the issue of Samsung's manufacturing abroad was brought to the forefront. (D.I. 110, Ex. 11) Nothing Samsung has presented suggests willful or deliberate conduct on the part of HSC to place Samsung at an unfair disadvantage or deprive it of the opportunity to present facts or evidence. *See Adams*, 739 F.2d at 868-69.

In summary, HSC has shown good cause and Samsung has failed to demonstrate undue prejudice or bad faith. Therefore, HSC's motion to amend the FAC is granted.

## V. CONCLUSION

For the foregoing reasons, plaintiff's motion for leave to amend is granted. (C.A. No. 13-2033, D.I. 108) An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: May 16, 2019

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE