IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOME SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG TELECOMMUNICATIONS<br>AMERICA, LLC, SAMSUNG<br>SEMICONDUCTOR, INC. and SAMSUNG<br>AUSTIN SEMICONDUCTOR, LLC,<br><br>Defendants. | C.A. No. 13-2033-RGA<br><br>JURY TRIAL DEMANDED<br><br>■■■■■■■■■■■■<br><br>PUBLIC VERSION FILED:<br>JUNE 20, 2019 |

**PLAINTIFF HOME SEMICONDUCTOR CORPORATION'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

In its reply brief, Samsung argues that the standing issues in this case should be informed by the Federal Circuit's recent decision in *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 2019 WL 2292485 (Fed. Cir. 2019).[1] The agreement at issue in *Lone Star*, however, is materially different from the agreement in this action, and does not support Samsung's motion. In *Lone Star,* the transferor AMD retained the following rights:

- Lone Star agreed to only assert the covered patents against "Unlicensed Third Party Entit[ties]" specifically listed in the agreement;

- AMD was required to approve any additions to the list of entities that could be sued;

- AMD had the right to sublicense the covered patents;

---

[1] The Federal Circuit's opinion in *Lone Star* issued on May 30, 2019, after Home's opposition brief was filed, and thus could not have been discussed in Home's opposition brief.

ME1 30651819v.1

- AMD could prevent Lone Star from assigning the patents or allowing them to enter the public domain;
- AMD and its customers could continue to practice the patents;
- AMD shared in any revenue Lone Star generates from the patents through its "monetization" efforts.

*Lone Star,* 2019 WL 2292485 at *1.

The Federal Circuit found that these rights, taken together, "suggest that AMD did not transfer all substantial rights in its patents to Lone Star." *Id.* at *6. In reaching this conclusion, the Federal Circuit focused on two main sets of rights: the right to exclude and the right to alienate. *Id.* at *5. With respect to enforcement (and thus exclusion), AMD retained substantial rights. Not only did AMD limit the potential targets to those listed in the agreement, but AMD retained the right to license any entities that Lone Star sued without AMD's authorization. *Lone Star,* 2019 WL 2292485 at *4. Here, ProMOS has no such rights. While it has the right to ███████████████████████████████████████ it has no ability to license either entity if Home were to file lawsuits against them without permission. Thus, in contrast to the rights retained by AMD, ProMOS cannot "grant a sublicense and negate the lawsuit." *Lone Star,* 2019 WL 2292485 at *4.

The agreement in *Lone Star* also restricted Lone Star's right to assign or otherwise transfer the patents to a third party, which are not present in the PTLA and letter guarantee. The agreement in *Lone Star* provided that no transfer of the patents was permitted unless the buyer agreed to be bound by the same terms and conditions set forth in the Patent Transfer Agreement. *Lone Star,* 2019 WL 2292485 at *5. If the buyer was unwilling to agree to the limitations, Lone Star was required to obtain AMD's consent to any assignment or patent transfer agreement. *Id.* The Federal Circuit concluded that "not only does this substantially restrict Lone Star's ability to

- 3 -

transfer the patents, it ensures that AMD will always control how the patents are asserted." *Id*. No such restriction exists in the PTLA and letter guarantee. Home is free to transfer and assign the patents without restriction.

For these reasons, the recently decide *Lone Star* case does not support Samsung's arguments, and its motion should be denied.

|  |  |
|---|---|
| Dated: June 12, 2019 | McCARTER & ENGLISH, LLP |
|  | /s/ Daniel M. Silver |
|  | Michael P. Kelly (#2295) |
|  | Daniel M. Silver (#4758) |
|  | Alexandra M. Joyce (#6423) |
|  | 405 N. King St., 8th Floor |
|  | Wilmington, DE 19801 |
|  | (302) 984-6385 |
|  | mkelly@mccarter.com |
|  | dsilver@mccarter.com |
|  | ajoyce@mccarter.com |
|  | *Counsel for Plaintiff* |
|  | *Home Semiconductor Corporation* |

*Of Counsel*:

Craig R. Kaufman
Kevin Jones
James Lin
Michael C. Ting
Jerry Chen
TECHKNOWLEDGE LAW GROUP LLP
100 Marine Parkway, Suite 200
Redwood Shores, CA 94065
(650) 517-5200
ckaufman@tklg-llp.com
kjones@tklg-llp.com
jlin@tklg-llp.com
mting@tklg-llp.com
jchen@tklg-llp.com

## CERTIFICATE OF SERVICE

I, Daniel M. Silver, hereby certify that on June 12, 2019, a true copy of the foregoing documents was served via electronic mail upon the following counsel of record:

Adam W. Poff
Pilar G. Kraman
YOUNG CONAWAY STARGATT
& TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
apoff@ycst.com
pkraman@ycst.com

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc. and Samsung Austin Semiconductor, LLC*

Matthew M. Wolf
Jin-Suk Park
Ali R. Sharifahmadian
John Christopher Moulder
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C. 20001-3743
Matthew.wolf@arnoldporter.com
jin.park@arnoldporter.com
ali.sharifahmadian@arnoldporter.com
chris.moulder@arnoldporter.com

Philip W. Marsh
Michael D.K. Nguyen
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
philip.marsh@arnoldporter.com
michael.nguyen@arnoldporter.com

Mishele Kieffer
ARNOLD & PORTER KAYE SCHOLER LLP
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
mishele.kieffer@arnoldporter.com

Jennifer Sklenar
Ryan M. Hashimoto
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
Jennifer.sklenar@arnoldporter.com
Ryan.hashimoto@arnoldporter.com

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc. and Samsung Austin Semiconductor, LLC*

ME1 30651719v.1

| | |
|---|---|
| Dated: June 12, 2019 | /s/ Daniel M. Silver<br>Daniel M. Silver (#4758) |