# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOME SEMICONDUCTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC. AND SAMSUNG AUSTIN SEMICONDUCTOR, LLC,<br><br>Defendants. | C.A. No. 13-2033-RGA<br><br>REDACTED VERSION<br><br> |

## SAMSUNG'S RESPONSE TO PLAINTIFF'S OBJECTION TO REPORT AND RECOMMENDATION ON SAMSUNG'S MOTION TO DISMISS

*Of Counsel*:

ARNOLD & PORTER KAYE SCHOLER LLP
Matthew M. Wolf
Ali R. Sharifahmadian
Jennifer A. Sklenar*
Jin-Suk Park
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
(202) 942-5000
matthew.wolf@arnoldporter.com
ali.sharifahmadian@arnoldporter.com
jennifer.sklenar@arnoldporter.com
jin.park@arnoldporter.com

*Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies

Ryan M. Nishimoto
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
ryan.nishimoto@arnoldporter.com

Dated: February 11, 2020

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC*

## TABLE OF CONTENTS

Page

**CONTENTS**

I. INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD ......................................................................................................... 1

III. BACKGROUND ................................................................................................................. 2

IV. ARGUMENT ....................................................................................................................... 4

    A. The Recommendation Correctly Found That Plaintiff Does Not Have Any Rights In The Asserted Patents And Dismissal Is Thus Appropriate. .................... 4

    B. The Recommendation Correctly Found That ProMOS's Retained Rights In The Patents Create An Independent Standing Defect Warranting Dismissal. ................................................................................................................ 7

        1. ProMOS's Retained Rights Defeat Standing. .............................................. 7

        2. Plaintiff's Untimely Suggestion To Add ProMOS Cannot Create Standing In This Case And Is Not Appropriate. .......................................... 9

V. CONCLUSION .................................................................................................................. 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aevoe Corp. v. AE Tech Co., Ltd.*,
  13 F. Supp. 3d 1071 (D. Nev. 2014)......................................................................................6

*Brasure's Pest Control, Inc. v. Air Cleaning Equipment, Inc.*,
  No. 17-323-RGA-MPT, 2018 WL 337747 (D. Del. Jan. 9, 2018) ..........................................9

*Burtch v. Milberg Factors, Inc.*,
  No. 07-556-JJF-LPS, 2009 WL 1529861 (D. Del. May 31, 2009)........................................10

*Diamond Coating Techs., LLC v. Hyundai Motor Am.*,
  823 F.3d 615 (Fed. Cir. 2016)............................................................................................7, 8

*EEOC v. City of Long Branch*,
  866 F.3d 93 (3d Cir. 2017)....................................................................................................2

*Ferring B.V. v. Allergan, Inc.*,
  253 F .Supp. 3d 708 (S.D.N.Y. 2015)...................................................................................9

*Firefighter Brad Speakman, Ret. v. Williams*,
  No. 18-1252-MN, 2020 WL 109073 (D. Del. Jan. 9, 2020)..........................................1, 2, 5

*Imperium (IP) Holdings, Inc. v. Apple, Inc.*,
  No. 4:11-CV-163, 2012 WL 2995997 (E.D. Tex. June 4, 2012) ............................................6

*Lincoln Imports, Ltd., Inc. v. Santa's Best Craft, Ltd.*,
  No. H-07-2803, 2008 WL 2754530 (S.D. Tex. July 14, 2008) ..............................................6

*Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*,
  925 F.3d 1225 (Fed. Cir. 2019).................................................................................7, 8, 9, 10

*LP Matthews LLC v. Bath and Body Works, Inc.*,
  458 F. Supp. 2d 211 (D. Del. 2006).......................................................................................6

*Luminara Worldwide LLC v. Liown Elecs. Co.*,
  814 F.3d 1343 (Fed. Cir. 2016)..............................................................................................8

*Paradise Creations, Inc. v. UV Sales, Inc.*,
  315 F.3d 1304 (Fed. Cir. 2003)......................................................................................4, 5, 9

*Shower Enclosures Am., Inc. v. BBC Distribution Corp.*,
  No. 3:15cv627, 2016 WL 3031081 (N.D. Ind. May 27, 2016) ..............................................6

*Special Happy, Ltd. v. Lincoln Imps., Ltd.*,
   No. SACV 09-00074-MLG, 2011 WL 2650184 (C.D. Cal. July 6, 2011)................................6

**Other Authorities**

Fed. R. Civ. P. 19................................................................................................................10

Fed. R. Civ. P. 72(b)(2)........................................................................................................1

Fed. R. Civ. P. 72(b)(3)........................................................................................................1

## I. INTRODUCTION

Magistrate Judge Fallon granted Plaintiff every opportunity to present its claim that it owned the asserted patents, carefully analyzed the record, and correctly found that Plaintiff lacked standing for two independent reasons. First, she found that the documentary record established that Plaintiff did not receive any rights in the asserted patents. In short, the relevant agreements plainly demonstrate that the asserted patents were transferred to, and the rights therein have been exercised even *after* this suit was filed by, non-party Home Semiconductor Inc. of *Samoa* ("HSI Samoa"), not by Plaintiff Home Semiconductor Corporation of *Delaware*. Magistrate Judge Fallon further correctly found that, even if it were assumed *arguendo* that Plaintiff received some rights to the patents, non-party ProMOS Technologies Inc. ("ProMOS")—the transferor of certain rights in the patents to HSI Samoa—retained substantial rights therein such that the transferee did not have standing to bring suit by itself. This fact independently required dismissal.

These conclusions are based on uncontroversial principles of patent law applied to the unambiguous language of the relevant patent documents. Respectfully, the Court should adopt the Report and Recommendation (the "Recommendation") and dismiss this case.

## II. LEGAL STANDARD

When a dispositive motion is at issue, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Whether a disposition has been "properly objected to" requires the Court to first "determine whether the parties' objections were both timely and 'specific.'" *Firefighter Brad Speakman, Ret. v. Williams*, C.A. No. 18-1252-MN, 2020 WL 109073, at *3 (D. Del. Jan. 9, 2020) (quoting Fed. R. Civ. P. 72(b)(2)). Where a party does not timely and specifically object to a magistrate judge's report and recommendation, "the party may lose its right to *de novo*

review by the district court." *EEOC v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017). The district court considers any determinations to which a specific objection is not raised under a "reasoned consideration" standard. *Firefighter Brad Speakman, Ret.*, 2020 WL 109073, at *2 (quoting *City of Long Branch*, 866 F.3d at 99-100).

### III. BACKGROUND

There are four entities relevant to Plaintiff's claim that it has standing: (1) ProMOS; (2) HSI Samoa (which Plaintiff claims does not exist); (3) Home Semiconductor *Corp*. of *Samoa* ("HSC Samoa"); and (4) Plaintiff itself, Home Semiconductor Corp. of *Delaware*. Hsu Kuei-Jung is Plaintiff's sole director and the only individual legally associated with Plaintiff.[1]

The parties agree that ProMOS owned the asserted patents as of February 27, 2013. On that date, pursuant to an agreement called the Patent Transfer and License Agreement ("PTLA"), ProMOS agreed to transfer certain rights in the asserted patents to HSI Samoa. D.I. 177, Ex. 8. Mr. Hsu signed the PTLA in his capacity as the President and CEO of HSI Samoa.



Image 1 (PTLA Signature Block, D.I. 177, Ex. 8 at 1031)

Subsequently, in a Patent Assignment Agreement dated September 23, 2013 ("Patent Assignment"), HSC Samoa purported to transfer the asserted patents to Plaintiff. D.I. 177, Ex. 11. There is no evidence, nor does Plaintiff claim, that HSI Samoa transferred the asserted patents to HSC Samoa between February 27, 2013 and September 23, 2013, or at any time

---

[1] *See* D.I. 176 at 5 n.5 (discussing Mr. Hsu's evasiveness during his deposition testimony).

2

before or since. Therefore, the Patent Assignment could not effectuate any meaningful transfer given that HSC Samoa had nothing to assign.

Significantly and consistent with the 2013 PTLA between ProMOS and HSI Samoa, HSI Samoa has continued to exercise rights in the asserted patents after the Patent Assignment and, indeed, even after this suit was filed on December 16, 2013. For example, in a Patent Cooperation Agreement signed on March 25, 2015 ("PCA"), HSI Samoa represented and warranted that it was "the sole and lawful owner of the [asserted patents] and ha[d] the right to monetize such patents under [the PCA]." D.I. 177, Ex. 13 at § 8(c). This representation, which was made nearly two years after Plaintiff purports to have gained rights in the asserted patents, was attested to by Mr. Hsu in his capacity as President and CEO of HSI Samoa (*see* PCA signature block at Image 2).

Seventeen months later, in a Covenant Not to Sue dated November 21, 2017 ("CNS"), HSI Samoa again represented that it owned and controlled the asserted patents and that it would not assert any claims under the asserted patents against ▮▮▮▮▮ for a period of one year. D.I. 177, Ex. 15 at § 5.1(a). Once again, Mr. Hsu signed the CNS in his capacity as President of HSI Samoa (*see* CNS signature block at Image 3).

| Home Semiconductor, Inc.<br>By: Hsu Kuei-Jung<br>Print: Kuei-Jung Hsu<br>Title: President and CEO | Home Semiconductor, Inc.<br>By: Hsu Kuei-Jung<br>Name: HSU, KUEI-JUNG<br>Title: president<br>Date: November 21, 2017 |
|---|---|
| Image 2 (PCA, D.I. 177, Ex. 13 at 310) | Image 3 (CNS, D.I. 177, Ex. 15 at 318) |

3

Mr. Hsu also testified that he received R     from R     as a result of the CNS (D.I. 177, Ex. 22, 272:3-18), a part of which he paid as taxes in R   (*Id.*, Ex. 22, 246:14-247:4). None of this money was ever received by Plaintiff. *Id.*, Ex. 21, 135:4-138:22.

There is no evidence that HSI Samoa or ProMOS transferred any rights in the asserted patents to Plaintiff. Nor has there been any argument by Plaintiff that corporate formalities should be ignored or that veils should be pierced among and between ProMOS, HSI Samoa, HSC Samoa, and/or Plaintiff. To the contrary, ProMOS's counsel—who are the same counsel representing Plaintiff—emphatically maintained the corporate formalities and took the position earlier in this case that ProMOS would not: (1) voluntarily participate in this case, (2) respond to any Samsung discovery requests, or (3) cooperate with Plaintiff itself, notwithstanding overlapping counsel and corporate ownership. *See, e.g.*, D.I. 177, Ex. 20 (Feb. 15, 2019 Discovery Dispute Conference) at 36:15-24; 34:3-9; 37:5-11.

**IV.   ARGUMENT**

### A.   The Recommendation Correctly Found That Plaintiff Does Not Have Any Rights In The Asserted Patents And Dismissal Is Thus Appropriate.

Magistrate Judge Fallon correctly found that Plaintiff—a *Delaware* entity—never received title to the asserted patents and that those rights remained with HSI *Samoa*. As Plaintiff lacks clear title to the asserted patents, dismissal is mandated. *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) ("[T]he plaintiff must demonstrate that it held enforceable title to the patent *at the inception of the lawsuit*.") (emphasis in original).

Plaintiff urges the Court to view the references to HSI Samoa in the PTLA as "mere typographical errors" that should be understood to refer to HSC Samoa and, thus, that Plaintiff could gain ownership of the asserted patents from HSC Samoa. It is, however, facially implausible that such an error, *i.e.* reference to HSI Samoa as opposed to HSC Samoa, was

4

repeatedly made, and never corrected, over the course of several years and multiple agreements. It is also implausible that Mr. Hsu repeatedly and without subsequent correction signed documents as the CEO of HSI Samoa if such an entity does not exist.

But even if one were to accept Plaintiff's positions on both of these issues, one cannot accept—and Plaintiff does not even attempt to explain—why in the years that followed, and well after this case was filed, Mr. Hsu continued to make (purportedly mistaken) representations that a *Samoan* entity owned and controlled the asserted patents. Nor does Plaintiff offer any explanation for how Mr. Hsu continued to sign agreements asserting *Samoan* ownership rights in the patents while simultaneously prosecuting this lawsuit by a *Delaware* company.

The Recommendation recognized these facts and fully addressed and considered Plaintiff's arguments in finding that "the inconsistency goes beyond a change from 'HSC' to 'HSI,' as under the PCA, HSI represented itself as a *Samoa* entity that owned the asserted patents after the alleged assignment to plaintiff." D.I. 236 at 9-10 (emphasis in original). That is why Magistrate Judge Fallon found that "[e]ven assuming, *arguendo*, that there was a typographical error, it is not 'clear and unambiguous' that ProMOS made an assignment to HSC Samoa." *Id.* at 9. This finding alone is sufficient on its own to warrant dismissal for lack of constitutional standing. *Paradise Creations*, 315 F.3d at 1309. Notably, but perhaps not surprisingly, Plaintiff completely ignores this finding in its objections, and it is fatal to their argument.[2]

Moreover, the record amply supports the additional finding that "there is a complete lack of any independent indicia that this [*i.e.*, the reference to HSI, as opposed to HSC, Samoa in

---

[2] Plaintiff's failure to object precludes *de novo* review of this point. *See Firefighter Brad Speakman, Ret. v. Williams*, No. 18-1252 (MN), 2020 WL 109073, at *2 (D. Del. Jan. 9, 2020). Of course, the facts relied on in the Recommendation are self-evident and would withstand any standard of review.

5

multiple documents over many years] is a typographical error." D.I. 236 at 10. And the cases on which Plaintiff relies to challenge this finding are inapposite. In each, that a typographical error occurred was established by other written indicia of the transferor's intent. *See Aevoe Corp. v. AE Tech Co., Ltd.*, 13 F. Supp. 3d 1071, 1076 (D. Nev. 2014) (finding recorded assignment to be valid where plaintiff corrected a typographical error and recorded it with the PTO *before filing suit*); *Special Happy, Ltd. v. Lincoln Imps., Ltd.*, No. SACV 09-00074-MLG, 2011 WL 2650184, at *5 (C.D. Cal. July 6, 2011) (finding other descriptive language in agreement to resolve ambiguity); *Lincoln Imports, Ltd., Inc. v. Santa's Best Craft, Ltd.*, No. H-07-2803, 2008 WL 2754530, at *1-*2 (S.D. Tex. July 14, 2008) (same).[3]

Unlike in the cited authority, there is no evidence in this case suggesting that the references to HSI Samoa in the PTLA were typos. To the contrary, Mr. Hsu executed multiple documents, including the PCA and CNS, as the President of HSI Samoa *subsequent* to the purported assignment to Plaintiff stating that HSI Samoa was the owner of the asserted patents, and the treatment of the monies from the CNS is also consistent with HSI Samoa's continued ownership of the patents. D.I. 177, Ex. 13; Ex. 15; Ex. 21, 135:4-138:22; Ex. 22, 272:3-18. As correctly noted in the Recommendation, the so-called "typographical error" had been "repeatedly

---

[3] Plaintiff proffers three new cases which are substantively similar to those already considered and which only underscore the propriety of the Recommendation. *See LP Matthews LLC v. Bath and Body Works, Inc.*, 458 F. Supp. 2d 211, 215 (D. Del. 2006) (finding it "clear that the [assigning parties] always intended to assign their rights to . . . plaintiff" where other parties filed affidavits that "renounced any rights or claims they have possessed due to this mistake"); *Shower Enclosures Am., Inc. v. BBC Distribution Corp.*, No. 3:15cv627, 2016 WL 3031081, at *2 (N.D. Ind. May 27, 2016) (affidavit by assigning inventor was sufficient to "resolve the ambiguity and determine the true intent of the parties" where ambiguity arose from a single instance of typographical error); *Imperium (IP) Holdings, Inc. v. Apple, Inc.*, No. 4:11-CV-163, 2012 WL 2995997, at *4 (E.D. Tex. June 4, 2012), recommendation adopted, 2012 WL 2995697, at *1 (E.D. July 23, 2012) (finding it "clear from the evidence" that the assignor intended to assign the patents to the necessary entity notwithstanding a single instance of a typographical error).

6

perpetuated without any effort to correct or verify HSI's identity" such that there was "complete lack of any independent indicia that this is a typographical error." D.I. 236 at 10.

### B. The Recommendation Correctly Found That ProMOS's Retained Rights In The Patents Create An Independent Standing Defect Warranting Dismissal.

Even if, for the sake of argument and contrary to the record evidence, ProMOS is deemed to have transferred the asserted patents to HSC Samoa which in turn transferred them to Plaintiff, the Recommendation correctly found that Plaintiff lacked prudential standing to bring this case because ProMOS retained substantial rights in the patents. *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) ("Th[e] inquiry depends on the substance of what was granted rather than formalities or magic words.") (internal citations omitted); *Diamond Coating Techs., LLC v. Hyundai Motor Am.*, 823 F.3d 615, 618 (Fed. Cir. 2016) ("We have not allowed labels to control by treating bare formalities of 'title' transfer as sufficient to determine that an 'assignment' of the entire exclusive right has occurred.").

#### 1. ProMOS's Retained Rights Defeat Standing.

Magistrate Judge Fallon undertook a detailed and reasoned review of the facts and law, carefully weighed the agreements and rights *as a whole*, and found that ProMOS retained substantial right in the asserted patents, including (1) the right to authorize certain enforcement activity, (2) the right to practice, and (3) the economic right to a percentage of future proceeds. Plaintiff, on the other hand, invites error by asking this Court to look at each fact piecemeal and ask whether any individual right withheld by ProMOS, standing alone, is sufficient to support a finding that ProMOS did not transfer all substantial rights in the asserted patents.

It is not disputed that HSI Samoa was prohibited from enforcing the asserted patents against ▮▮▮▮ and ▮▮▮ "unless authorized by ProMOS." *See* D.I. 177, Ex. 8 at 1033. These are not merely "limited restrictions," as Plaintiff argues. D.I. 244 at 8. Where a transferor

7

like ProMOS retains the right to authorize, or refuse to authorize, litigation in certain circumstances, the Federal Circuit has found that the transferor did not "fully transfer the right to enforce its patents."[4] *Lone Star*, 925 F.3d at 1232. The authorization and refusal rights retained by ProMOS are materially different than the rights that were transferred in *Luminara Worldwide LLC v. Liown Elecs. Co.*, 814 F.3d 1343, 1351 (Fed. Cir. 2016), where the licensor's ongoing rights in litigation and licensing activities were limited to "a right to notice," *not* the retention of the right to approve or withhold permission for future litigation on the patents at issue.

Plaintiff's attempts at distinguishing *Diamond Coating* and *Lone Star* are unavailing. Like in *Diamond Coating*, the PTLA effectively conditioned HSI Samoa's right to enforce the patents to serve the interests of ProMOS and effectively "cabins [HSI Samoa]'s authority to license the patents-in-suit." *See Diamond Coating*, 823 F.3d at 620. And like the transferee in *Lone Star*, HSI Samoa needed ProMOS's consent to file suit against ▬▬ and ▬▬▬▬, thereby rendering HSI Samoa's enforcement rights materially limited. *Lone Star*, 925 F.3d at 1231. Moreover, as Samsung explained in its moving papers, ProMOS not only retained rights to the asserted patents against third parties, it exercised those rights in 2017 in its dealings with ▬▬▬▬. *See* D.I. 176 at 9-10; D.I. 206 at 4-5.

As for the other rights retained by ProMOS, *i.e.*, the rights to practice the asserted patents and an economic interest in future proceeds (*see* D.I. 176 at 15-16), Plaintiff again argues that they are each insufficient to defeat Plaintiff's standing *on their own*. D.I. 244 at 9-10. The proper inquiry is whether these retained rights, together with the prohibitions on HSI Samoa, establish that ProMOS retained substantial rights in the asserted patents such that Plaintiff lacked

---

[4] Plaintiff's argument that ProMOS's absolute discretion to veto a lawsuit against ▬▬▬ or ▬▬▬ is tantamount to a non-exclusive license to those entities is specious. D.I. 244 at 7-8. Not surprisingly, Plaintiff is unable to cite to a single case in support of this argument.

8

standing to bring this lawsuit on its own. *See Diamond Coating*, 823 F.3d at 618-19; *Lone Star*, 925 F.3d at 1233 ("While [the retention of economic interest in and the right to practice the transferred patents] may not be dispositive alone, together they suggest that [transferor] did not transfer all substantial rights in its patents to [transferee]."). They manifestly do.

### 2. Plaintiff's Untimely Suggestion To Add ProMOS Cannot Create Standing In This Case And Is Not Appropriate.

Because Plaintiff did not receive *any* rights to the asserted patents, *supra* Sec. IV.A, adding ProMOS as a party cannot cure that defect and dismissal is the only appropriate remedy. *Paradise Creations,* 315 F.3d at 1310.

Moreover, ProMOS's apparent newfound willingness to participate in this case should not be countenanced. As noted, ProMOS previously relied on its immunity from process in the United States to resist any voluntary participation in this case, and that refusal was relied on by the Court in denying Samsung's motion to compel. D.I. 177, Ex. 20 (Feb. 15, 2019 Discovery Dispute Conference) at 36:15-24; 34:3-9; 37:5-11. The Court should not permit ProMOS's *volte face*; the alternative is manifest prejudice to Samsung. Indeed, courts have applied equitable estoppel to bar a challenge to patent ownership rights and equitable estoppel should equally bar Plaintiff's attempt to rely on ProMOS's apparent change of position. *See Ferring B.V. v. Allergan, Inc.*, 253 F .Supp. 3d 708 (S.D.N.Y. 2015). At a minimum, no further amendment of the Complaint should be permitted before Plaintiff properly moves to add ProMOS as a party and the parties have an opportunity to fully brief the issue.

Further, Plaintiff's suggestion that it could not have raised this issue earlier—presumably made in anticipation of a waiver argument—is curious at best. Plaintiff filed a sur-reply brief precisely to address *Lone Star* (D.I. 214), but made no mention in that briefing or at the hearing before Magistrate Judge Fallon of potentially seeking leave to add ProMOS as a party to this

9

case.  Plaintiff should not be permitted to do so now.  *See Brasure's Pest Control, Inc. v. Air Cleaning Equipment, Inc.*, No. 17-323-RGA-MPT, 2018 WL 337747, *3 (D. Del. Jan. 9, 2018) (Andrews, J.) (holding that argument not made "until after an adverse Report & Recommendation constitutes a waiver, at least in the absence of a showing of good cause for not raising the argument earlier."); *Burtch v. Milberg Factors, Inc.*, No. 07-556-JJF-LPS, 2009 WL 1529861, at *3 n.1 (D. Del. May 31, 2009) ("[T]he Court notes that issues not raised before the Magistrate Judge are typically considered waived.").

Finally, contrary to Plaintiff's suggestion, the Federal Circuit in *Lone Star* did not "permit[] a Plaintiff in analogous circumstances to add a co-plaintiff rather than dismiss the case."  D.I. 244 at Certification of Counsel.  Rather, Lone Star made a timely argument in the case below to add AMD, and the Federal Circuit remanded with instructions that the district court conduct the needed analysis to consider whether joinder as a necessary party was appropriate.  *Lone Star*, 925 F.3d at 1227, 1237-39; *see also* Fed. R. Civ. P. 19.  Here, by contrast, Plaintiff chose not to make such a request prior to Magistrate Judge Fallon's Recommendation, and ProMOS's prior position on this issue should preclude Plaintiff's request.

## V.      CONCLUSION

For the reasons set forth above, Samsung respectfully requests that the Court overrule Plaintiff's objections and adopt the Recommendation as a final order dismissing this action.

<table>
<tr><td>

Dated: February 11, 2020

*Of Counsel*:

ARNOLD & PORTER KAYE
SCHOLER LLP

Matthew M. Wolf
Ali R. Sharifahmadian
Jennifer A. Sklenar*
Jin-Suk Park
601 Massachusetts Ave., NW
Washington, D.C. 20001-3743
(202) 942-5000
matthew.wolf@arnoldporter.com
ali.sharifahmadian@arnoldporter.com
jennifer.sklenar@arnoldporter.com
jin.park@arnoldporter.com

* Admitted in NY and CA only; practice limited to matters before federal courts and federal agencies

Ryan M. Nishimoto
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
(213) 243-4000
ryan.nishimoto@arnoldporter.com

</td><td>

Respectfully submitted,

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

/s/ *Pilar G. Kraman*
Adam W. Poff (#3990)
Pilar G. Kraman (#5199)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com
pkraman@ycst.com

*Counsel for Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Semiconductor, Inc., and Samsung Austin Semiconductor, LLC*

</td></tr>
</table>

11

## CERTIFICATE OF SERVICE

I, Pilar G. Kraman, hereby certify that on February 12, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel:

>Michael P. Kelly, Esquire
>Daniel M. Silver, Esquire
>Alexandra M. Joyce, Esquire
>MCCARTER ENGLISH LLP
>405 N. King Street, 8th Floor
>Wilmington, DE 19801
>*mkelly@mccarter.com*
>*dsilver@mccarter.com*
>*ajoyce@mccarter.com*
>
>Kai Tseng
>Craig Kaufman
>James H. Lin
>Kevin Jones
>TechKnowledge Law Group LLP
>1521 Diamond Street
>San Francisco, CA  94131
>*ktseng@tklg-llp.com*
>*ckaufman@tklg-llp.com*
>*jlin@tkg-llp.com*
>*kjones@tklg-llp.com*
>
>Jerry Chen
>TechKnowledge Law Group LLP
>100 Marine Parkway, Suite 200
>Redwood City, CA 94065
>(650) 517-5200
>*jchen@tklg-llp.com*
>
>*Attorneys for Plaintiff*

I further certify that on February 12, 2020, I caused a true and correct copy of the foregoing document to be served via e-mail on the above-listed counsel.

14864119.1

YOUNG CONAWAY STARGATT
 & TAYLOR, LLP

 /s/ *Pilar G. Kraman*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
Rodney Square
1000 North King Street
Wilmington, Delaware  19801
302-571-6600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendants*