IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOME SEMICONDUCTOR CORPORATION,<br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., and SAMSUNG AUSTIN SEMICONDUCTOR, LLC,<br>　　　　　　　　　　Defendants. | Civil Action No. 13-cv-2033-RGA |

MEMORANDUM ORDER

Defendants filed a motion to dismiss. (D.I. 175). I referred it to a Magistrate Judge. (D.I. 218). The Magistrate Judge made a Report and Recommendation. (D.I. 236). Plaintiff filed objections. (D.I. 244). Defendants responded. (D.I. 247).

Magistrate Judges have authority to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). Both sides agree that my review of any objections to this report is *de novo*. (D.I. 244 at 4; D.I. 247 at 1); *see* Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recommended that I grant Defendants' motion to dismiss without prejudice. (D.I. 236 at 1). First, the Magistrate Judge recommended that dismissal is appropriate because Plaintiff has failed to satisfy the burden to show that it has standing. (*Id.* at 10). In making this recommendation, the Magistrate Judge concluded that Plaintiff has failed to show that ProMOS intended to make the assignment to "Home Semiconductor Corporation of Samoa" rather than "Home Semiconductor, Inc. of Samoa." (*Id.*). Second, even if Plaintiff does have

1

title in the patents, the Magistrate Judge recommended that I grant Defendants' motion to dismiss because ProMOS did not transfer all substantial rights in the asserted patents through the Patent Transfer and License Agreement ("PTLA"). (*Id.* at 14).

Plaintiff objects to the Magistrate Judge's first recommendation. (D.I. 244 at 4). Plaintiff argues that the "record is clear and unambiguous that ProMOS (the prior owner of the patents) intended to transfer the patents-in-suit to a Samoan company named Home Semiconductor owned by Mr. Hsu." (*Id.* at 5). Plaintiff argues that the PTLA contains a typographical error in naming the assignee as "Home Semiconductor, Inc. of Samoa" instead of "Home Semiconductor Corporation of Samoa." (*Id.*). Plaintiff relies on *Aevoe Corp. v. AE Tech Co.*, 13 F. Supp. 3d 1072 (D. Nev. 2014). (*Id.*). In that case, the district court found that an error identifying an assignee as "Aevoe Inc." rather than "Aevoe Corp." was not fatal to the assignee's standing to assert infringement of the patent. *Id*. at 1075-76.

*Aevoe* differs from the instant case in an important aspect. In *Aevoe*, a "Corrective Assignment to Correct the Name of the Assignee from Aevoe Inc. to Aevoe Corp." was filed with the USPTO. *Id.* at 1075. This document created "a presumption of validity as to the assignment," shifting the burden to any challenger of the assignment. *Id.*

In the instant case, Plaintiff has not shown that it has obtained title to the asserted patents. Plaintiff has not shown that there was an assignment of the asserted patents to "Home Semiconductor Corporation of Samoa" at all. The PTLA clearly indicates "Home Semiconductor, Inc. of Samoa" as assignee. (D.I. 177, Ex. 8). Plaintiff does not assert that "Home Semiconductor, Inc. of Samoa" ever transferred rights in the asserted patents to "Home Semiconductor Corporation of Samoa." Additionally, the Patent Cooperation Agreement between "Home Semiconductor, Inc. of Samoa" and ProMOS and the Covenant Not to Sue

between "Home Semiconductor, Inc. of Samoa" and SK Hynix were both executed after the Patent Agreement, in which "Home Semiconductor Corporation of Samoa" assigned its interest in several patents to Plaintiff. (D.I. 177, Exs 11, 13, 15). This series of events indicates that Home Semiconductor, Inc. of Samoa continued to assert its rights in the asserted patents after the Patent Agreement and also after the instant suit was filed.

Plaintiff's assertions that "Home Semiconductor, Inc. of Samoa" is the same entity as "Home Semiconductor Corporation of Samoa," and that the PTLA, Patent Cooperation Agreement, and Covenant Not to Sue each repeated the same typographical error, are insufficient. Notwithstanding the claim that these documents contain a typographical error,[1] Plaintiff has not shown any efforts to correct that error and thus correct title in the asserted patents. "[T]o assert standing for patent infringement, the plaintiff must demonstrate that it held enforceable title to the patent at the inception of the lawsuit." *Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003) (emphasis omitted). Plaintiff has not met this burden. Thus, I overrule Plaintiff's objection to the Magistrate Judge's first recommendation.

Plaintiff also objects to the Magistrate Judge's second recommendation. (D.I. 244 at 7). The Magistrate Judge assumed, for the sake of argument, "that the reference to Home Semiconductor *Incorporated* of Samoa [in the PTLA] is really intended to be Home Semiconductor *Corporation* of Samoa, but for a typographical error." (D.I. 236 at 10). The Magistrate Judge determined that the PTLA did not transfer sufficient rights in the asserted patents for Plaintiff to bring its own suit. (*Id.* at 14). Plaintiff contends that the Magistrate Judge

---

[1] Plaintiff relies upon deposition testimony of Mr. Hsu that he is unaware of any corporation known as "Home Semiconductor, Inc. of Samoa," but the excerpts of his deposition testimony undermine his credibility such that I do not accept his deposition testimony as probative on any disputed point. The parties note that Samoan secrecy laws prevent any independent investigation as to whether there is such a corporation.

3

erred in not taking a "holistic approach" in analyzing the PTLA limitations and instead "holding that any limitation on the ability to bring a lawsuit must necessarily be fatal to [Plaintiff's] standing." (D.I. 244 at 8) (emphasis omitted).

Generally, an exclusive license agreement must transfer "all substantial rights" in the patents to the licensee for the licensee to have standing to sue without the licensor as a joined party. *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010). A court "must ascertain the intention of the parties [to the license agreement] and examine the substance of what was granted" to determine whether an exclusive license agreement transfers "all substantial rights." *Mentor H/S, Inc. v. Med. Device Alliance, Inc.*, 240 F.3d 1016, 1017 (Fed. Cir. 2001). "Frequently, . . . the nature and scope of the exclusive licensee's purported right to bring suit, together with the nature and scope of any right to sue purportedly retained by the licensor, is the most important consideration." *Alfred E. Mann Found.*, 604 F.3d at 1361. Courts also consider "the transfer of the exclusive right to make, use, and sell products or services under the patent," "the right of the licensor to receive a portion of the recovery in infringement suits brought by the licensee," and "the ability of the licensor to supervise and control the licensee's activities." *Id.* at 1360-61.

In the instant case, the PTLA requires that "Home Semiconductor, Inc. of Samoa" "provide to ProMOS a patent enforcement plan for its review and commentary" and that "ProMOS and ["Home Semiconductor, Inc. of Samoa"] will confer in good faith regarding the alleged infringers in which patent enforcement action(s) shall be brought." (D.I. 177, Ex. 8). The PTLA further restricts "Home Semiconductor, Inc. of Samoa" from "bring[ing] any patent enforcement action against Hynix and Elpida unless authorized by ProMOS." (*Id.*). The PTLA clearly limits Home Semiconductor, Inc. of Samoa's right to sue because, if Home Semiconductor, Inc. of Samoa "had unfettered discretion on enforcement, then [these provisions]

4

would be superfluous." *Diamond Coating Technologies, LLC v. Hyundai Motor America*, 823 F.3d 615, 621 (Fed. Cir. 2016). "[A] transferee that receives all substantial patent rights from a transferor would never need consent from the transferor to file suit." *Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1231 (Fed. Cir. 2019) (emphasis omitted). ProMOS did not transfer all substantial patent rights through the PTLA, "[b]ecause ProMOS decides whether [Home Semiconductor, Inc. of Samoa] can sue Hynix and Elpida and [Home Semiconductor, Inc. of Samoa] is required to meet and confer with ProMOS before initiating any patent infringement suits." (D.I. 236 at 12).

Further, under the PTLA, ProMOS retained "an irrevocable, non-terminable, non-exclusive license, without the right to sublicense, under the claims of the Transferred Patents, to make, have made, design, have designed, use, sell, offer for sale, import or otherwise dispose of any products." (D.I. 177, Ex. 8 at § 2(a)). A "licensor's retention of a limited right to develop and market the patented invention indicates that the licensee failed to acquire all substantial rights." *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004). While ProMOS's retention of these rights would be insufficient on its own to determine the scope of rights acquired by Home Semiconductor, Inc. of Samoa, consideration of this limitation is part of the holistic approach for which Plaintiff advocates (and which the Magistrate Judge applied). (*See* D.I. 244 at 8; D.I. 236 at 14). I apply it too. Thus, the fact that ProMOS retained a right to practice the asserted patents under the PTLA suggests, in the overall context of the agreement, that Home Semiconductor, Inc. of Samoa did not acquire all substantial rights.

Finally, the PTLA grants ProMOS thirty-five percent of the aggregate Net Licensing Revenues above one million dollars. (D.I. 177, Ex. 8 at § 3(b)). "The fact that a patent owner has retained a right to a portion of the proceeds of the commercial exploitation of the patent . . . does not necessarily defeat what would otherwise be a transfer of all substantial rights in the

patent." *Propat Int'l Corp. v. Rpost, Inc.*, 473 F.3d 1187, 1181 (Fed. Cir. 2007). This fact, however, is "consistent with [the transferor] retaining ownership rights in the patent." *Id.* Thus, ProMOS's retention of interest in future proceeds from the asserted patents again suggests, in the overall context of the agreement, that ProMOS also retained ownership interests in the patent and therefore did not transfer all substantial rights to Home Semiconductor, Inc. of Samoa.

When "examin[ing] the 'totality' of the agreement," these limitations all suggest that Home Semiconductor, Inc. of Samoa did not acquire all substantial rights in the asserted patents. *Lone Star*, 925 F.3d at 1229. Most importantly, the PTLA restricted the scope of Home Semiconductor, Inc. of Samoa's right to sue. *See Alfred E. Mann Found.*, 604 F.3d at 1361. The PTLA's additional limitations, which allowed ProMOS to retain a right to practice the asserted patents and a right to interest in future proceeds, also weigh in favor of finding a transfer of fewer than all substantial rights. Taken together, these factors indicate that Home Semiconductor, Inc. of Samoa did not acquire all substantial rights in the asserted patents. I thus overrule Plaintiff's objection to the Magistrate Judge's second recommendation.

Plaintiff asks, if I conclude that Plaintiff lacks standing to proceed alone, that I allow Plaintiff to join ProMOS as a co-plaintiff rather than dismissing the action. (D.I. 244 at 10). Because I have determined that Plaintiff lacks valid title to the asserted patents, joinder of ProMOS would not cure the defect. Plaintiff needs to show that it had enforceable title to the patents at the beginning of the lawsuit to assert standing. *See Paradise Creations*, 315 F.3d at 1309. It did not. But even if Plaintiff did, joinder would still be inappropriate. Plaintiff filed no motion for joinder. Plaintiff did not raise the possibility of joining ProMOS in its briefing or at oral argument before the Magistrate Judge on September 25, 2019. It was only in its Objection after the adverse Report and Recommendation that it raised the issue. (D.I. 244 at 10 n.3). Plaintiff's delay constitutes a waiver. *See Brasure's Pest Control, Inc. v. Air Cleaning Equipment, Inc.*, 2018 WL 337747, at *3 (D. Del. Jan. 9, 2018).

Plaintiff contends that it could not have made the argument earlier because *Lone Star* had not yet been decided. (D.I. 244 at 10 n.3). Lone Start was decided May 30, 2019. While it is true that Plaintiff's answering brief was filed May 22, 2019, the case was discussed at length in Defendants' reply brief filed on June 5, 2019. (D.I. 206 at 1-3). Plaintiff obtained leave to file a sur-reply brief, and similarly discussed the case at length. (D.I. 214). And yet the joinder issue was not raised. Plaintiff has made no showing of even the least little bit of diligence, and has shown no cause, good or otherwise, for not timely raising the issue.

Thus, Plaintiff's request to join ProMOS is **DENIED**. The Magistrate Judge's Report and Recommendation (D.I. 236) is **ADOPTED**.[2] Defendants' motion to dismiss (D.I. 175) is **GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

Entered this 26th day of March, 2020

/s/ Richard G. Andrews
United States District Judge

---

[2] Since the Report and Recommendation (D.I. 236), which is partially redacted, is a judicial record and I am adopting it, it is ORDERED forthwith to be UNSEALED.